UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL LOPEZ,

           Petitioner,

vs.                                   Case No. 2:08-cv-612-FtM-29SPC
                                         Case No. 2:05-cr-64-FtM-29SPC

UNITED STATES OF AMERICA,

            Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on petitioner Daniel Lopez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #1)[1] and Declaration of Daniel Lopez (Cv. Doc. #2), both filed on July 31, 2008. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #9) on September 15, 2008. Petitioner thereafter filed a Reply (Cv. Doc. #12) on November 14, 2008. For the reasons set forth below, the motion is denied.

**I.**

On April 12, 2006, a federal grand jury in Fort Myers, Florida returned a two-count Third Superceding Indictment (Cr. Doc. #71)

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

charging petitioner Daniel Lopez (petitioner or Lopez) with conspiracy to possess with intent to distribute 500 grams or more of cocaine (Count One) and conspiracy to possess with intent to distribute MDMA, also known as Ecstasy (Count Two). After a two day trial, a jury convicted petitioner of both counts. On August 21, 2006, the Court sentenced petitioner to a 108 month term of imprisonment, to be followed by 36 months supervised release, all terms to run concurrently. (Cr. Doc. #101.) Judgment (Cr. Doc. #102) was filed on August 22, 2006.

Petitioner, through counsel, filed a timely Notice of Appeal (Cr. Doc. #103). By mandate issued on June 6, 2007, the Eleventh Circuit Court of Appeals affirmed petitioner's convictions and sentences. (Cr. Doc. #112.) Petitioner filed this timely § 2255 motion raising three issues, discussed below.

**II.**

In his first two issues, petitioner argues that he must be re-sentenced after his criminal history category is re-calculated in light of Amendment 709 to the Sentencing Guidelines. On November 1, 2007, the Sentencing Commission promulgated Amendment 709, which addresses "two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." See U.S. SENTENCING GUIDELINES MANUAL app. C, Amend. 709 (2007). Amendment 709 is not a clarifying amendment, but rather is a substantive change. United States v. Alexander, 553 F.3d 591, 592-

93 (7th Cir. 2009); United States v. Marler, 527 F.3d 874, 877 n.1 (9th Cir.), cert. denied, 129 S. Ct. 427 (2008); United States v. Wood, 526 F.3d 82, 87-88 (3d Cir.), cert. denied, 129 S. Ct. 308 (2008). Indeed, petitioner seeks to use it to substantively change the calculation of his criminal history category. Only amendments listed under § 1B1.10(c) of the Sentencing Guidelines, and having the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under 18 U.S.C. § 3582(c). United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Amendment 709 is not listed in § 1B1.10(c) of the Sentencing Guidelines, and therefore is not retroactive and may not be utilized to reduce petitioner's sentence. Armstrong, 347 F.3d at 909; United States v. Jacob, No. 08-12651, 2009 WL 291872 (11th Cir. Feb. 6, 2009); United States v. Barclay, 297 Fed. Appx. 952 (11th Cir. 2008), petition for cert. filed, No. 08-8569 (Jan. 15, 2009). Therefore, petitioner's first two issues are without merit.

### III.

Petitioner's third issue is that his attorneys provided ineffective assistance of counsel by failing to request, either at sentencing or on appeal, a two level reduction because of his acceptance of responsibility. The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was

deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Petitioner satisfies neither prong.

A defendant in a criminal case is entitled to a two-level reduction for acceptance of responsibility if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Defendant has the burden of showing entitlement to this reduction. United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005). As a general matter, this adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial . . . is convicted, and only then admits guilt." United States v. Matthews, 168 F.3d 1234, 1250 (11th Cir. 1999). There are, however, "rare occasions" where a defendant can clearly demonstrate acceptance of responsibility even after a trial. U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 cmt. n.2 (2005).

The record in this case clearly establishes that petitioner was not entitled to a reduction for acceptance of responsibility, and his attorneys did not provide ineffective assistance by failing to request such an adjustment. Petitioner put the government to the burden of a jury trial. The purpose of the trial was not to

preserve any particular legal issue, but to challenge the sufficiency of the government's evidence. The theme was set in defendant's opening argument, where defense counsel stated: "I submit to you what this case is really about is three to four individuals getting a get out of jail free card. The government's going to rely on at least three convicted drug dealers to try to convince you that Mr. Lopez is a drug dealer." (Cr. Doc. #99, p. 19.) As opposed to the drug dealer witnesses, defense counsel argued that petitioner was "a family man, that he has children, plays in ball games, he's participating fully in their activities of their daily lives." (Id. at p. 21.) The opening statement concluded with counsel's statement that "I think, when you take into account their credibility, his personal history, that you will come back with a verdict of not guilty." (Id. at p. 23.) This theme continued throughout the trial and in defense counsel's closing argument. By challenging his factual guilt, petitioner fell outside the class of "rare" cases entitled to acceptance of responsibility after going to trial. E.g., United States v. Hernandez, 286 Fed. Appx. 727, 732 (11th Cir. 2008); United States v. Salazar-Flores, 262 Fed. Appx. 190, 192-93 (11th Cir. 2008); United States v. Grier, 258 Fed. Appx. 230, 242 (11th Cir. 2007). Additionally, the Presentence Report indicates that petitioner did not discuss the case during an interview with the probation office, and at sentencing petitioner declined two opportunities to speak

with the Court (Cr. Doc. #107, pp. 14-15, 28.)  Therefore, the third issue is without merit.

Accordingly, it is now

**ORDERED**:

1.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is directed to place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of February, 2009.

                                            JOHN E. STEELE
                                            United States District Judge

Copies:
Counsel of record
Daniel Lopez